**WATERS CORPORATION, et al., Plaintiffs, Appellants,**

v.

**MILLIPORE CORPORATION, et al., Defendants, Appellees.**

No. 97–1999.

United States Court of Appeals, First Circuit.

Heard Jan. 6, 1998.

Decided April 3, 1998.

Steven G. Bradbury, Washington, DC, with whom John P. Frantz, Washington, DC, Kevin W. Clancy, Boston, MA, Jean Reed Haynes and Peter A. Bellacosa, New York City, were on brief, for appellants.

E. David Pemstein and John T. Montgomery with whom Jonathan M. Zorn, Boston, MA, was on brief, for appellees.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and SHADUR, Senior District Judge.*

COFFIN, Senior Circuit Judge.

This case involves a dispute between two retirement plans, one of which partially replaced the other after the company sponsoring the original plan sold one of its divisions.[1] Appellants are the replacement Waters Corporation Plan and three persons who are suing both individually and as trustees of the Waters Plan. They claim that the appellees, the predecessor Millipore Corporation Plan and various plan representatives (collectively "Millipore"), proposed to transfer insufficient assets to cover the vested benefits for the transferred employees. Appellants seek declaratory and injunctive relief requiring Millipore to transfer what they believe is the appropriate amount to the Waters Plan, and also seek a declaration that Millipore breached its fiduciary duties to participants by failing to provide complete and accurate information about certain benefits.

The district court granted summary judgment for Millipore. *See Waters Corp. v. Millipore Corp.*, 1998 WL 868756 (D.Mass. 1998). It rejected appellants' argument that the Millipore Plan included a benefit, termed the "lump sum subsidy," that Millipore had both concealed and failed to value in calculating the amount of the fund transfer from Millipore to Waters.[2] The court concluded that it was "inconceivable" that Millipore would have provided such a "special bonus" for certain employees in the "convoluted and circuitous manner" proposed by Waters, and it held that appellees' interpretation of the Millipore Plan was more consistent with the plan's overall purpose to provide participants with an assured minimum level of retirement benefits. The court also concluded that the information provided by Millipore about an acknowledged subsidy for early retirees was adequate, and that the defendants therefore did not breach their fiduciary duty by failing to disclose more.

Before oral argument, we raised *sua sponte* the issue of jurisdiction, and asked the parties to address both standing and subject matter jurisdiction. We remain concerned about whether the Waters Plan and its fiduciaries, in their official roles, are proper plaintiffs.[3] We need not confront that ques-

---

* Of the Northern District of Illinois, sitting by designation.

1. Millipore Corporation sold its chromatography division to the Waters Corporation in 1994. Approximately one-third of the employees participating in the Millipore pension program moved to Waters following the sale. The sales contract required Waters to set up a pension program to replace the existing Millipore plan so that the transferring employees would remain covered. Millipore had the related obligation to transfer enough assets from its pension plan to the new Waters plan to cover the liabilities for the transferring employees.

2. In simple terms, Waters contends that the Millipore Plan includes an option that Millipore says does not exist for receipt of retirement benefits. This disputed form of benefits involves transferring a cash balance from one part of the pension plan (the Participation Plan) to another (the Retirement Plan), converting it into an annuity, and then converting it back into a larger cash balance for distribution. The conversion from cash to annuity to cash produces a larger pot at the end because of the different interest rates used. Millipore contends that funds transferred from the Participation Plan may not later be converted back to cash from an annuity. Waters contends that the Millipore Plan expressly permits conversion from an annuity to cash, and that there is no limitation against conversion of Participation Plan funds that previously had been converted to an annuity.

3. ERISA's civil enforcement provision confers standing on participants, beneficiaries, and fiduciaries to bring an action to redress violations of the Act, *see* 29 U.S.C. §§ 1132(a)(1)–(3), but whether ERISA permits the fiduciaries of one plan to sue the fiduciaries of another plan is an issue that has provoked thoughtful debate. *See, e.g., Pilkington PLC v. Perelman*, 72 F.3d 1396 (9th Cir.1995); *id.* at 1402 (Kozinski, J., dissent-

tion, however, because we are persuaded that, in the circumstances of this case, the individual plaintiffs have a much more straightforward claim to standing as "participants" in the Millipore Plan. *See* 29 U.S.C. § 1132(a)(1)–(3).[4] And because (as we next amplify) the existence of both jurisdiction *and standing as to the individual plaintiffs* enables us to address all of the substantive issues posed by this appeal, we need not resolve whether there is an added basis for doing so despite the concerns voiced in note 3.

Although plaintiffs technically are participating now in the Waters Plan rather than the Millipore Plan, they are bringing their claims to protect their as yet unfulfilled rights as participants in the Millipore Plan.[5] A participant is defined for purposes of ERISA as "any employee or *former employee* of an employer or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7) (emphasis added). *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (the term "participant" in ERISA includes "former employees who ... have 'a colorable claim' to vested benefits"). At the moment, the Waters' trustees, as individuals, *are* bringing suit as participants of the Millipore plan to claim that their vested benefits potentially are greater than Millipore has acknowledged. Indeed, Waters asserts in its reply brief that it is "not presently responsible to any former Millipore employees for any benefits that accrued while they were working for Millipore and covered by the Millipore plans." The obligation to pay these benefits, it explains, will come only after Millipore completes the asset transfer that is at issue in this case, fulfilling its debt to its former employees.

It would *substantially undermine* the protection ERISA gives to pension fund participants if individuals who are owed benefits stemming from their participation in one plan were foreclosed from challenging actions related to the transfer of those benefits to a new plan. *See* 29 U.S.C. § 1058 (benefits after merger, consolidation or transfer must be equal to or greater than the benefit to which participant was entitled before the change). No other party (with the possible exception of a beneficiary) has an equivalent

---

ing). *See also Northeast Dept. ILGWU v. Teamsters Local Union No. 229*, 764 F.2d 147, 154 (3d Cir.1985). Some courts have held that, if explicit jurisdiction under ERISA is lacking, general federal question jurisdiction would exist for such parties under 28 U.S.C. § 1331 based on federal common law. *See Winstead v. J.C. Penney Co.*, 933 F.2d 576, 580 (7th Cir.1991); *Northeast*, 764 F.2d at 157–58.

A second basis for our uncertainty, not mentioned by the parties in this appeal, arose from our review of the record. A party must demonstrate a concrete injury that is redressable in the action being filed to establish Article III standing. *See Steel Company v. Citizens for a Better Environment*, —— U.S. ——, ——–——, 118 S.Ct. 1003, 1016–1017, 140 L.Ed.2d 210 (1998). It appears, however, that the Purchase and Sale Agreement between Millipore and Waters indemnifies Waters if the amount of funds transferred by Millipore violates ERISA or related sections of the Internal Revenue Code. *See* App. at 1026 (decision and order of Massachusetts superior court on Millipore's related contract-based declaratory judgment action, noting Millipore's acknowledgment that the indemnification provisions of the agreement would protect Waters). Indemnification of Waters for any underfunding would seem to eliminate the possibility of injury.

4. Section 1132 states, in relevant part:
(a) Persons empowered to bring a civil action
A civil action may be brought—
(1) by a participant or beneficiary—
(A) for the relief provided for in subsection (c) of this section [relating to request for information], or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [breach of fiduciary duty];
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....
(emphasis added)

5. We accept the representation made by both parties in their supplemental briefs that each of the three individual plaintiffs, Taymor, Mazar and Berthiaume, participated in the Millipore Retirement Plan.

interest in the nature of that plan's conduct, and even if the Millipore–Waters deal had been fully consummated—leaving the transferred employees unequivocally as participants only in the successor plan—their claim to standing would be substantial. *See Bass v. Retirement Plan of Conoco, Inc.*, 676 F.Supp. 735, 741 (W.D.La.1988) ("The practice of the courts has been to disregard the distinction between participation in the predecessor and successor plans for standing purposes." (citing cases)). We therefore hold that the plaintiffs Taymor, Mazar and Berthiaume have standing to bring this action as participants in the Millipore Plan.

Having concluded that we properly may consider the merits of the appeal, and after careful review of the record and relevant caselaw, we find ourselves in full agreement with the district court's thoughtful thirty-five-page decision. Seeing no need to ret-read the ground it ably covered in its analysis, we note only that, even upon *de novo* review, we are persuaded that the language and purpose of the Millipore Plan, taken as a whole, are most consistent with appellees' reading. The district court's treatment of the early retirement subsidy likewise mirrors our view that the information provided was adequate to satisfy defendants' fiduciary duty.

We therefore AFFIRM the district court's judgment on the basis of its well reasoned opinion.